from all these three cases in its circumstances, and, therefore, is not governed by the authority of either of them, whatever may be their weight.

The judgment of Sir Thomas Plumer, M. R., in Jones v. Curry, 1 Swanst. 66, has been greatly relied on, at the argument, as directly in point against the present case being a due execution of the power. I have already had occasion to suggest, that it is not so in point; but is fairly distinguishable in its circumstances. The language there was not the same, nor the power the same, nor the facts the same. There seems to me to be great force in the criticism of Sir Edward Sugden on that case. If the words were not sufficient to pass real estate, (which they clearly were,) the point did not arise. If they were sufficient, the case does not appear to have been well decided; for if they were sufficient to pass real estate, and the testatrix had none but under the power, then it might plainly be presumed, that she intended to pass real estate by her will; and if so, it could only be by an execution of the power. Sugd. Powers, (6th Ed.) c. 6, § 7, p. 425. Besides; Sir Thomas Plumer, in that case, strongly relied upon the fact, that there was no language in the will of the testatrix, which showed any intention to execute the power, even in relation to the personalty. There was no clear case of an intended part execution of the power. Here, the contrary is established; and the testatrix has executed her power as to the New London estate. And I cannot but consider the language of Sir William Grant, in Bennett v. Aburrow, 8 Ves. 609, 616, to contain the true doctrine; and it is strictly applicable to the present case. "This, (said that great judge,) is always a question of intention, whether the party meant to execute the power, or not. Formerly it was sometimes required that there should be an express reference to the power. But that is not necessary now. The intention may be collected from other circumstances; as, that the will includes something the party had not otherwise, than under the power of appointment; that a part of the will would be wholly inoperative, unless applied to the power."

Upon the whole, my opinion is, that the will of Mrs. Blagge was a complete execution of the power, as to the premises in question; and, therefore, that judgment ought to be entered for the tenant.

NOTE [from original report]. It may not be unimportant to state, that all these refined and subtile distinctions, in relation to the execution of powers, are now swept away in England by the statute of wills (7 Wm. IV., and 1 Vict. c. 26, § 27), which has declared, that a general devise of real or personal estate, shall operate as an execution of a power of the testator over the same, unless a contrary intention shall appear on the will. The doctrine, therefore, has at last settled down in that country, to what would seem to be the dictate of common sense, unaffected by technical niceties. J. S.

## Case No. 1,480.
### BLAGROVE v. RINGGOLD.
[2 Cranch, C. C. 407.] [1]

Circuit Court, District of Columbia. April Term, 1823.

JUDGMENT—OPENING AFTER TERM.

After the term in which a judgment has been entered, and the costs taxed, the court will not open the judgment to allow the costs of taking a deposition in New York.

After the expiration of the term in which the judgment was entered, Mr. Burr moved the court to allow the cost of taking a deposition, in New York, to be taxed.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the motion.

———

BLAIN (BULLENE v.). See Case No. 2,124.

BLAINE (SCOTT v.). See Case No. 12,525.

———

## Case No. 1,481.
### In re BLAIR et al.
[17 N. B. R. 492; [2] 10 Chi. Leg. News, 278; 25 Pittsb. Leg. J. 123.]

District Court, W. D. Pennsylvania. April 24, 1878.

BANKRUPTCY — CREDITORS' PETITION — QUORUM— OMISSIONS—AMENDMENT.

1. Where the petitioning creditors who hold debts exceeding two hundred and fifty dollars do not represent one-third of all the provable debts, every two hundred and fifty dollar creditor sinks into a common unit in the mass of creditors, and counts but one with the rest.

2. Where the name of a creditor is stated in the petition, asserting a claim by a proper averment, but omitting the amount, the claim may be amended by adding the amount, if done in good faith.

[In bankruptcy. In the matter of Brice X. Blair and Thomas Appleby, trading as Blair & Appleby. On petition of Detwiler & Co. and others. Heard on exceptions to the register's report. Sustained in part.]

On exceptions to the register's report. A creditor's petition in bankruptcy was signed by one creditor whose claim exceeded two hundred and fifty dollars, and eleven whose respective claims were less than that amount, the aggregate being one thousand six hundred and six dollars and ninety-five cents. The debtors' list showed four creditors over two hundred and fifty dollars, and fifty-six under that amount, and the total indebtedness four thousand six hundred and seventy-one dollars and three cents; but the debt of the two hundred and fifty dollar creditor was not one-third of all the provable indebtedness. The register held that a legal quorum had signed.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 17 N. B. R. 492, by permission.]